UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jose Escobar Vasquez,<br>*a.k.a.* Rolando Rodriguez, #42155-359,<br><br>      Petitioner,<br><br>vs.<br><br>Warden, FCI Edgefield,<br><br>      Respondent. | ) C/A No. 4:10-1449-RMG-TER<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>) |

  Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

  This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner filed a document in this Court entitled "Petition for Writ of Habeas Corpus Under Title 28 U.S.C.S. § 2255."[1] *See* Docket Entry No. 1. Petitioner's original pleading indicated that he was seeking habeas relief based on "alleged Government violation of the Interstate Agreement on Detainers." *Id.* at page 1. The original pleading indicated that Petitioner was placed on probation for a three (3) year period in the County of Los Angeles, California, on or about November 17, 2007. *Id.* at page 3. "While on probation following his convi[c]tion of criminal charge in California Superior Court, the [Petitioner] was charged and had been convicted as charged of the offense of Illegal Alien Found in the United States." *Id.* Petitioner was sentenced in federal court to forty-six (46) months of incarceration on September 29, 2008. *Id.* A review of the criminal docket number provided by Petitioner in the pleading, Criminal Case Number 08-1035-R, revealed that Petitioner was sentenced in the United States District Court for the Central District of California, Western Division (Los Angeles). Petitioner's pleading asked the Court to enter an order dismissing the unlawful detainer. *Id.* at page 9.

As Petitioner, who is confined in a South Carolina federal prison, was not sentenced in this Court, and Petitioner's pleading indicated that he wished to challenge a detainer, the case was construed as an action seeking habeas corpus relief under 28 U.S.C. § 2241. Petitioner was directed to fully complete and submit to the Court the standard form used by federal prisoners seeking relief

---

[1] A motion under § 2255 must be filed in the sentencing court. *See* 28 U.S.C. § 2255(a).

under § 2241.  *See* Docket Entry No. 7.  Petitioner complied with the Court's order by filing the requested petition form.  *See* Docket Entry No. 1-1.

Petitioner's standard § 2241 petition also states that it concerns "Government Violation of the Interstate Agreement on Detainers Act."  *See* Docket Entry No. 1-1, page 1.  Petitioner again indicates that he was sentenced by the Superior Court in California to three hundred and sixty-five (365) days incarceration in the Los Angeles County Jail and three (3) years of formal probation.[2] *Id.* at 3-4. In a brief supporting the petition, Petitioner states that, on November 4, 2008, "the court revoked his probation 'without probationer being present in the revocation hearing' and issued a bench warrant."  *See* Docket Entry 1-2, page 5.

Petitioner states that he is now "committed to the Fed. Bureau of Prisons for [a] term of forty-six (46) months, and a Detainer had been placed [on] Petitioner" for the California charges. *See* Docket Entry 1-1, page 5.  Petitioner alleges that the "Interstate Agreement on Detainers . . . [d]oes not apply to Detainers based on Probation-violation charges." *Id.* at 2.  Thus, Petitioner asks the "Court to enter an order no permit the federal bureau of prisons - federal correctional institution to used the unlawful detainer against" him.  *Id.* at 8.

## Discussion

The Interstate Agreement on Detainers Act ("IADA") is a "compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000). In the instant § 2241 habeas petition, Petitioner claims that the Government/Federal Bureau of Prisons (BOP) is violating the IADA regarding a probation violation detainer placed on Petitioner

---

[2] The § 2241 habeas petition states that the probation sentence was imposed on February 28, 2008.

by the State of California. However, the Fourth Circuit, along with the majority of federal circuits, holds that a violation of the IADA, without more, generally comprises no ground for habeas corpus relief. *See Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir.), *cert. denied*, 474 U.S. 929 (1985)(holding that an IADA violation does not constitute a fundamental defect and thus is not cognizable on federal habeas corpus review absent a showing of prejudice). *See also Reed v. Farley*, 512 U.S. 339, 352 (1994)*; Fasano v. Hall,* 615 F.2d 555, 558 (1st Cir.1980) (holding violations of IADA are not fundamental defects indicating a miscarriage of justice so as to be cognizable in federal habeas proceeding)*; Browning v. Foltz, 837 F.2d 276, 283 (6th cir.1988) (*holding violation of IADA does not give rise to federal habeas relief)*; Reilly v. Warden, FCI Petersburg,* 947 F.2d 43, 44 (2nd Cir.1991) (holding violation of IADA not basis for federal habeas relief).

In *Kerr v. Finkbeiner*, a petitioner sought habeas corpus relief under 28 U.S.C. § 2254 for an alleged violation of the IADA time provisions for speedy disposition of untried charges. The *Kerr* Court noted that the petitioner in that case had introduced no evidence to show that the delay in disposition caused petitioner to suffer prejudice in his incarceration or in defending against his criminal charges, and found that the case did not "'present exceptional circumstances where the need for . . . habeas corpus [was] apparent.'" *Kerr*, 757 F.2d at 607(citation omitted). Accordingly the Court held that the alleged violation of the IADA was not cognizable under 28 U.S.C. § 2254. In the present action, Petitioner asks the Court to enter an order which would prohibit the BOP from using the detainer against him. However, Petitioner fails to provide any facts to demonstrate that the probation violation detainer has prejudiced him in his present federal incarceration. As such, Petitioner fails to establish exceptional circumstances sufficient to warrant habeas review under § 2241.

Next, even if it were assumed that Petitioner could proceed on his IADA claim, he would be entitled to no relief, because, as Petitioner states in the pleadings, the IADA does not apply to detainers for probation violations. *See Carchman v. Nash*, 473 U.S. 716, 725-26 (1985)("A probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III [of the IADA].") "Likewise, *Carchman* makes clear that there is no constitutional right to a speedy probation-revocation hearing." *Vuorela v. State of Maryland*, No. 88-7730, 1989 WL 5553 (4th Cir. Jan. 20, 1989), *citing Carchman* 473 U.S. at 731, n.10. Therefore, Petitioner's habeas claims, alleging violation of the IADA regarding a California probation violation detainer, are subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III.<br>
United States Magistrate Judge

September 27, 2010
Florence, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).